675

Argued and submitted July 18, reversed and remanded with instructions October 13, 1980

PETERSON, et al,
*Appellants,*

*v.*

WOODS,
*Respondent.*

(No. 78-7739, CA 16034)

617 P2d 915

Pierre L. Van Rysselberghe, Eugene, argued the cause for appellants. With him on the brief was Hoffman, Morris, Van Rysselberghe & Giustina, Eugene.

Merwin C. Logan, Springfield, argued the cause for respondent. With him on the brief was Wurtz, Logan & Logan, Springfield.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal from a trial court decree denying plaintiffs a constructive trust on the proceeds from the sale of the marital house of decedent, Raythal Woods, and his deceased second wife, Dolly Woods, mother of plaintiffs Judy Peterson and Patricia Brown. Plaintiffs Donna Morris and Darlee Rex are Raythal's daughters by his first marriage. Raythal subsequently married defendant and remained married until his death.

On February 12, 1964, Raythal and Dolly executed a mutual will which provided that the property of either would, upon his or her death, go to the survivor. The property was to be divided at the survivor's death, 50 percent to Raythal's daughters and heirs at law, and 50 percent to Dolly's. Both parties agreed that neither would alter the will after the death of the other.[1] Dolly died on October 16, 1973. The will in question was found by the trial court to have been destroyed by Raythal.

Defendant and Raythal married August 29, 1975. On October 15, 1975, the house in question was sold for $30,000. Of the $6,000 down payment, $5,000 was given to defendant (according to a promise made before marriage) for money she saved Raythal by selling the property herself and collecting $3,000 more than Raythal had planned to ask for the property. The remaining $1,000 was placed in the parties' joint savings account. The $5,000 was applied to an interest in a hotel which defendant had previously owned, sold and thereafter reacquired jointly with Raythal. The couple subsequently lived in an apartment in this hotel, and defendant operated the hotel with decedent's help to meet monthly expenses. Extraordinary

---

[1]

"It is mutually contracted and agreed by each of us with the other that after the death of either of us, the survivor will not make a new Will that will reduce the total share of our estate that goes to the heirs at law of either of us, intending hereby that 50% of our estate shall go to the children and heirs at law of [decedent] and the remaining 50% to the children and heirs at law of [Dolly]."

expenses (medical bills to the extent not covered by insurance, vacations) were paid with money from several joint savings accounts. Of these accounts, two consisted mainly of funds from the sale of property owned by defendant prior to marriage.

On June 27, 1977, the $24,000 contract balance from the sale of the house was finally paid into the collection escrow account. These funds went into a joint savings account and were transferred two days later, together with $2,529, apparently interest earned while the funds were in escrow, into the joint account upon which plaintiffs ask a constructive trust to be placed. Raythal died on October 18, 1978. At the time suit was filed on December 4, 1978, there was over $46,000 in the account. On April 20, 1979, defendant withdrew $28,000 to purchase other property.[2]

Defendant was unaware of the existence of the will. She testified that she and Raythal sought to transfer all their property to joint ownership with the right of survivorship. Much evidence was presented to contradict the alleged intent to make a gift and the presumption of such intent in the case of joint accounts. *Johnson v. Steen,* 281 Or 361, 369, 575 P2d 141 (1978); *Greenwood v. Beeson,* 253 Or 318, 454 P2d 633 (1969). Because of the manner in which we decide the case, this evidence need not be further detailed.

The trial court held that Raythal had the power, as sole owner of Dolly's share of the marital property, to dispose of it in any manner during his lifetime, including transfer to defendant by gift via joint account. He therefore denied the constructive trust. The court also held that, in the event a constructive trust should be imposed on the proceeds, defendant was entitled to a set-off of $17,810, a figure, based on defendant's estimates, arrived at by deducting certain costs defendant incurred in supporting Raythal, an acute alcoholic, and deducting Medicare and Social

---

[2] This money was withdrawn by defendant after discussing the matter with her attorney, although the evidence showed the attorney was not informed as to the amount to be withdrawn nor the purpose therefor.

Security benefits and certain other sums contributed by him. We reverse.

In *Musselman v. Mitchell,* 46 Or App 299, 310, 611 P2d 675 (1980), we imposed a constructive trust upon proceeds of a joint bank account upon which defendant, a nonrelative, was cosignatory, where it was established that an oral contract was made between decedent and her mother (one of the plaintiffs) whereby decedent was to transfer all of her property to her mother in exchange for care for decedent, who had mental problems, and for providing a place for decedent to live if she had survived her mother. We held that, regardless of decedent's intent in creating the joint account, the funds belonged to plaintiffs because decedent, having bound herself by contract to will her property to her mother, was not free thereafter to give away property which would otherwise pass under the contract. Otherwise, such gifts would render the decedent's promise illusory.

██ A mutual will entered into pursuant to a valid contract is legally enforceable against the survivor when the other spouse dies with the will in force. *American Nat'l Red Cross v. Wilson,* 274 Or 237, 545 P2d 883 (1976);[3] *Cook v. Walsh,* 39 Or App 357, 360-61, 591 P2d 1201 (1979). When Dolly died with the will in force and Raythal accepted benefits thereunder, he became bound to distribute in accordance with the terms of that will the remainder of Raythal's and Dolly's assets not expended by Raythal for his own support and legitimate expenses.[4] A holding that a

---

[3] In *American Nat'l Red Cross v. Wilson, supra,* the mutual wills were entered into with an oral "understanding" that the terms would not be altered. In this case, by comparison, there was an actual contract between Dolly and Raythal not to change the provisions.

[4] The rule does not absolutely prohibit a person from making gifts of marital assets to which he has acquired sole title when the gifts are such as the couple made normally in the course of their marriage. We need not further define the ambit of a survivor's power to make gifts of marital property in this case because the gift to defendant of all the assets is invalid as a matter of law.

survivor in Raythal's position could, without breach, destroy the contractual will and give away the assets would frustrate the purpose of such wills.

■       We hold, therefore, that plaintiffs are entitled to relief in the nature of specific performance of the contract. In *Musselman v. Mitchell, supra,* we held that defendant was not entitled to a set-off payable from joint account funds for her expenses in defending the suit. In this case as well, defendant is entitled to no set-off. While ORS 108.020[5] insulates one spouse from liability for the debts of the other, defendant may not rely on that statute because the expenses here, insofar · as the record shows, have been paid and are therefore not debts. Defendant directs us to no legal theory entitling her to set off these expenses after the fact.[6] There was no evidence of a contract for Raythal's support between defendant and Raythal antedating the marriage, nor were funds obtained from the sale of the house in fact used to meet the expenses of Raythal's alcoholism. We need not decide what effect these circumstances would have in this case if they existed.

---

[5] ORS  108.020:

   "Neither husband nor wife is liable for the debts or liabilities of the other incurred before marriage; and except as otherwise provided in ORS 108.040, they are not liable for the separate debts of each other, nor is the rent or income of property owned by either husband or wife liable for the separate debts of the other."

[6] Defendant cites *Patecky v. Friend,* 220 Or 612, 350 P2d 170 (1960), a case very similar to the present mutual will case, for the proposition that constructive trusts granted to effectuate specific performance of the contract in situations such as this are subject to set-offs which would include recoupment of the costs of decedent's alcoholism. In *Patecky* the court held that, since specific performance was an equitable remedy, it could only be granted to the extent that it did not conflict with the intervening statutory rights of third persons, in that case, the surviving spouse. The court therefore ordered a constructive trust subject to rights which existed in the surviving spouse under the probate code at the time to dower, support and maintenance for a period after the filing of the estate and a homestead exemption. We need not decide whether similar rights in a surviving spouse under the new probate code (e.g., the right to elect against the will—ORS 114.105, 114.125) would be applicable in this case under the *Patecky* rule because defendant makes no contention to that effect. Since defendant had no independent *right* to recoup the costs of decedent's alcoholism, *Patecky* is inapposite.

Plaintiffs are entitled to recover the $26,529.03 present in the Pacific First Federal Savings & Loan joint savings account at the time suit was filed. Accordingly, a constructive trust should be imposed on the balance (approximately $18,000) of the funds remaining in the account, and which represented the balance of the sale price of the old house. *Schramm v. Burkhart,* 137 Or 208, 213, 2 P2d 14 (1931). Because defendant withdrew $28,000, after consulting with her attorney, and used it to acquire real property, we conclude that a judgment for the remainder of the $26,529.03 mentioned above should be ordered against defendant secured by a lien on the property acquired by defendant with those funds. The $5,000, given to defendant, even if it was not a valid gift or payment to defendant for services, may be considered a contribution by Raythal to the couple's lodging and plaintiffs are not entitled to recover it.

Reversed and remanded with instructions.